T.C. Memo. 1996-345

UNITED STATES TAX COURT

KENNETH W. DIERCKS, Petitioner v. COMMISSIONER
OF INTERNAL REVENUE, Respondent

Docket No. 3568-95.                        Filed July 30, 1996.

Kenneth W. Diercks, pro se.

David W. Sorensen, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  Respondent determined the following

deficiencies in, and additions to, petitioner's Federal income

tax:

|       |            | Additions to Tax | |
| Year | Deficiency | Section 6651(a)(1)[1] | Section 6654(a) |
| 1987 | $10,493 | $2,623 | $566 |
| 1988 | 10,658 | 2,665 | 681 |

[1]  All section references are to the Internal Revenue Code in
effect for the years at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

| 1989 | 9,958 | 2,490 | 674 |
| 1990 | 9,665 | 2,416 | 636 |
| 1991 | 7,204 | 1,801 | 412 |
| 1992 | 5,674 | 1,419 | 247 |

The issues for decision are:

(1)  Did petitioner have unreported income for each of the years at issue?  We hold that he did.

(2)  Is petitioner liable for self-employment tax for each of the years at issue?  We hold that he is.

(3)  Is petitioner liable for the addition to tax under section 6651(a)(1) for each of the years at issue?  We hold that he is.

(4)  Is petitioner liable for the addition to tax under section 6654(a) for each of the years at issue?  We hold that he is.

Petitioner resided at Sparks, Nevada, at the time the petition was filed.

Petitioner did not file a U.S. income tax return for any of the years 1987 through 1992.

During the years 1987 through 1992, petitioner worked and earned income.  However, he failed to keep records of the type or amount of work he performed, or of the amount of income he received from his work, during those years.

During the years at issue, petitioner was married and had three children who lived with him and his wife, Bonnie Diercks (Ms. Diercks), at their residence (residence) and who attended

school. During those years, petitioner owned an automobile, and he, Ms. Diercks, and their three children sought medical treatment as required. During the years at issue, rent paid on petitioner's residence equaled at least $725 a month, and utilities were paid at that residence. In an application to rent that petitioner signed on March 13, 1989, petitioner indicated that "current monthly income" was $3,000.

During 1988, 1989, 1990, and 1991, Ms. Diercks received annual wages in the amounts of $2,725, $6,362, $12,748, and $20,929, respectively.

Petitioner bears the burden of proving that respondent's determinations in the notice of deficiency (notice) are erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Section 6001 requires all taxpayers to maintain sufficient records to enable respondent to determine their correct tax liabilities. In the absence of adequate books or records, "the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income." Sec. 446(b). The choice of method to be used in reconstructing income lies with respondent. <u>Estate of Rau v. Commissioner</u>, 301 F.2d 51, 54 (9th Cir. 1962), affg. T.C. Memo. 1959-117; <u>Schellenbarg v. Commissioner</u>, 31 T.C. 1269, 1277 (1959), affd. in part and revd. in part on another issue 283 F.2d 871 (6th Cir. 1960).

In the notice, respondent used the Bureau of Labor Statistics to reconstruct petitioner's income. This Court and other

courts have approved the use of those statistics as an acceptable and reasonable method of reconstructing income.  E.g., Pollard v. Commissioner, 786 F.2d 1063, 1066 (11th Cir. 1986), affg. T.C. Memo. 1984-536; Giddio v. Commissioner, 54 T.C. 1530, 1532-1533 (1970).

Petitioner admitted at trial that he worked and earned income during the years at issue, but he claimed that he earned no more than $500 during each of those years.  However, petitioner acknowledged at trial that during the years at issue he and his family lived at a residence for which the rent paid equaled at least $725 a month.  He also admitted that utilities were paid at that residence.  In addition, petitioner acknowledged at trial that during the years at issue he owned an automobile and that other normal living expenses were paid for him and his family.

We found petitioner's testimony, which was at times vague and evasive, to be suspect.  We question petitioner's testimony that he earned no more than $500 during each of the years at issue.[2]

---

[2]  Indeed, petitioner's testimony that he earned no more than $500 during each of the years at issue is inconsistent with other evidence in the record.  For example, the application to rent dated Mar. 13, 1989, which he signed, indicated "current monthly income" of $3,000.  Even assuming arguendo that the "current monthly income" of $3,000 that petitioner listed in the application to rent dated Mar. 13, 1989, were the combined "current monthly income" of Ms. Diercks and himself, the Internal Revenue Service's information returns master file transcript for

(continued...)

On the record before us, we find that petitioner failed to prove error in respondent's determinations that he had income in the amounts determined in the notice for each of the years 1987 through 1992.  We further find on that record that petitioner failed to show that he is not liable for each of the years at issue for (1) the addition to tax under section 6651(a)(1), (2) the addition to tax under section 6654(a), and (3) self-employment tax, as determined in the notice.  Accordingly, we sustain respondent's determinations in the notice.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

²(...continued)
Ms. Diercks shows that Ms. Diercks received wages of only $6,362 for 1989 or approximately $530 a month during that year.